# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

RAYMOND PROCHASKA,          )
                            )
        Petitioner,     )
                            )
vs.                         )     Case No. CIV-10-1385-F
                            )
HASKELL HIGGINS,            )
                            )
        Respondent.     )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, has filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] United States District Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4 of the Rules Governing Section 2254 Cases,[2] the petition has been promptly examined. For the reasons set forth herein, it is recommended that the petition be transferred to the United States District Court for the Eastern District of Oklahoma.

By this action, Petitioner claims that he was denied due process in connection with two separate disciplinary proceedings. One of the disciplinary proceedings occurred while Petitioner was housed at Bridgeway, a halfway house located in Ponca City, Oklahoma.

---

[1] Petitioner actually lists the petition as arising under 28 U.S.C. § 2251. Petition, 1. However, that statutory provision provides for a stay of state court proceedings. Since the Petitioner is challenging the execution of his sentence, the undersigned has construed the petition as one under § 2241.

[2] Rule 4 may be applied in the Court's discretion to actions brought pursuant to Section 2241. See Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

Brief in Support of Petition, 2. The second apparently occurred while Petitioner was housed at a community corrections facility in Union City, Oklahoma. Brief in Support of Petition, 8 & Ex. 27. According to the petition, Petitioner is currently incarcerated at the Jim E. Hamilton Correctional Center in Hodgen, Oklahoma. Petition, 1. Hodgen, which is in LeFlore County, lies within the jurisdiction of the United States District Court for the Eastern District of Oklahoma. 28 U.S.C. § 116(b).

In addition to the screening requirement contained in Rule 4, this court has an independent duty to inquire into its own jurisdiction. Phelps v. Hamilton, 122 F.3d 1309, 1315-16 (10th Cir.1997). According to the petition, Petitioner is currently and was at the time he filed this action incarcerated at Jim E. Hamilton Correctional Center, which is within the territorial jurisdiction of the Eastern District of Oklahoma. 28 U.S.C. § 116(b). The Tenth Circuit has held that a petition under § 2241, challenging the execution of a sentence must be filed in the district where the prisoner is confined. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir.1996); see also Portley-El v. Figueroa, 373 Fed. Appx. 883, 885 (10th Cir. April 20, 2010) (the warden of the prison in which petitioner was detained at the time he filed his § 2241 action was the proper respondent and since the warden was outside the territorial jurisdiction of the district court, that court had no jurisdiction over the petition). Accordingly, Petitioner has failed to allege any basis upon which his habeas action may be brought in this Court.

Where, as in this case, a civil action is filed in the wrong court, the defect may be cured by transferring the action if such transfer is in the interest of justice. 28 U.S.C. § 1631.

In this case, the undersigned finds that the interest of justice would be served by transferring the case. Here, it is understandable that Petitioner might be confused as to which federal court in Oklahoma would have jurisdiction over his petition, given that his allegations involve actions which took place in this judicial district, although his Respondent is not in this district. This coupled with the fact that Petitioner has now paid the filing fee counsels in favor of transfer.

### **RECOMMENDATION**

Based upon the foregoing, it is recommended that the petition for a writ of habeas corpus be transferred to the United States District Court for the Eastern District of Oklahoma. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by February 3, 2011, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). The Court Clerk is directed to mail a copy of this Report and Recommendation to the Petitioner and to send a copy electronically to the Oklahoma Attorney General on behalf of the Respondent. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**Entered this 14th day of January, 2011.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE