IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED

FEB -9 2012

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

RAYMOND PROCHASKA, )
)
Petitioner, )
)
v. ) No. CIV 11-059-RAW-KEW
)
HASKELL HIGGINS, Warden, )
)
Respondent. )

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner alleges he was denied due process in two separate prison disciplinary proceeding when he was in the custody of the Oklahoma Department of Corrections. The first disciplinary hearing was held while petitioner was housed at Bridgeway, a halfway house in Ponca City, Oklahoma, and the second hearing apparently was at a community corrections facility in Union City, Oklahoma. The respondent alleges petitioner's petition is moot, because he has discharged his sentence and was released from custody.

> Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction. This requirement exists at all stages of federal judicial proceedings, and it is therefore not enough that the dispute was alive when the suit was filed; the parties must continue to have a personal stake in the outcome.

*McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) (citing *Beattie v. United States*, 949 F.2d 1092, 1093 (10th Cir. 1991)).

"Once the convict's sentence has expired, . . . some concrete and continuing injury other than the now-ended incarceration or parole--some 'collateral consequence' of the conviction--must exist if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). *See, e.g., Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968) (holding that a released habeas petitioner's inability to engage in certain businesses, serve as an official of a labor

union, vote in an election, or serve as a juror because of his conviction defeated the mootness challenge to his appeal). Here, petitioner has not responded to the motion to dismiss as directed, and the court cannot identify any "specific, concrete collateral consequences" associated with his misconduct convictions. *Spencer*, 523 U.S. at 9.

**ACCORDINGLY,** the respondent's motion to dismiss the petition as moot [Docket No. 15] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this _9th_ day of February 2012.

                                                  **RONALD A. WHITE**
                                                 **UNITED STATES DISTRICT JUDGE**